**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH W. RAMSDELL, | No. 22-16757 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00151-ROS-JZB |
| v. | |
| DOUGLAS A. DUCEY, Arizona Governor; MARK BRNOVICH, Attorney General, Attorney General; HEIDI H PAAKKONEN, Executive Director, State of Arizona Board of Psychologist Examiners; JENNIFER MICHAELSEN, Deputy Director, State of Arizona Board of Psychologist Examiners, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted January 17, 2024**

Before: S.R. THOMAS, McKEOWN, and HURWITZ, Circuit Judges.

Keith Ramsdell, who is civilly committed as a sexually violent person,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging equal protection violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Ramsdell's equal protection claim alleging discrimination on the basis of sex offender status because Ramsdell failed to raise a genuine dispute of material fact as to whether Arizona Revised Statutes section 32-2081(B) is not rationally related to legitimate government interests. *See United States v. Juv. Male*, 670 F.3d 999, 1009 (9th Cir. 2012) ("Government actions that do not . . . involve suspect classifications will be upheld if [they] are rationally related to a legitimate state interest." (alteration in original) (citation and internal quotation marks omitted)); *United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001) ("Sex offenders are not a suspect class.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ramsdell's opposed motion to submit new evidence (Docket Entry No. 18) is denied. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents . . . not presented to the district court are not part of the record on appeal."). We express no opinion whether in light of the proffered evidence,

Ramsdell may now file an administrative or other claim.

**AFFIRMED.**